### *In re* MAYOR, ETC., OF CITY OF NEW YORK.
### *In re* BLIZZARD.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

ADVERSE POSSESSION—RIGHTS OF SQUATTER.

A woman, finding a small island in Westchester creek, near New York city, unoccupied, entered thereon without claim or color of title, record or otherwise, erected buildings thereon, and remained in possession for 20 years. *Held* that, being a mere squatter, she could not obtain title by adverse possession.

Proceedings by the mayor, aldermen, and commonalty of the city of New York to acquire lands under Laws N. Y. 1884, c. 512. Mary A. Blizzard filed a petition therein, claiming a portion of moneys awarded by the commissioner of estimate to unknown persons. Petitioner moves to confirm the report of a referee in her favor. Denied.

Argued before VAN BRUNT, P. J., and BARRETT, J.

W. R. Lambertson, for petitioner.    C. D. Allendorf, for the city.

VAN BRUNT, P. J. The commissioners of estimate, by their report in this proceeding, awarded the sum of $13,350 to unknown owners for parcel 691, in Pelham Bay park. Of this, $5,000 was made for the land, and the balance, $8,350, for the buildings. The petitioner claims to have been the owner of parcel 691 at the time of the confirmation, and of the report of the commissioners in said proceedings, and the referee has so found. Her claim of ownership is not based upon any record title to said premises, but is founded wholly upon possession and occupancy of said property for a period of more than 20 years. The parcel stands in an island in Westchester creek, and is divided into two parts, which may be described as the northerly and southerly parts of the island, the dividing line being a public highway extending the whole length of the island, upon each side of which highway there is and was at the time the claimant went into possession a substantial stone wall or fence. The petitioner went into possession of the southerly portion of the island more than 20 years prior to the confirmation of the report, and erected an hotel and buildings connected therewith, and has ever since remained in possession thereof. Her entry does not seem to have been under any claim of title, and her occupation has been that of a squatter. It is true that upon her examination she stated that she took possession of this property, claiming title thereto. But it is apparent from her cross-examination that she made no claim of title at the time of her entry; but, to use her own language, she "just squatted there, as it were." It further appeared that she had no record title to said premises, either by way of deed, grant, devise, or writing of any kind. Her only acts of ownership in respect to the northerly portion of the island consisted in building a boat-house, and planting oysters and clams in the waters adjacent to the island. Upon these facts the referee reported that the petitioner was entitled to the award made for the island in question. In this, we think, he clearly erred. It is plain that whatever the possession of the petitioner was, it was not under any claim of title. She found this island vacant, and went in and took possession, and remained for a long period of time. But such entry was not in pursuance of any claim of title, nor does it appear that she ever asserted ownership except by being in possession. Under the definition of adverse possession, such possession, to be adverse, must be under claim of title; and naked possession, unaccompanied by such claim, can never ripen into a good title. It necessarily follows that, where possession is under a claim of title, it must be made under some distinct claim of title, and not by a mere general assertion of ownership, without reference to any source from which such ownership can arise. In other words, a mere squatter can never obtain title by adverse possession. In order that possession of land shall be adverse, it must be shown that the land is held in hostility to the true owner's claim of title thereto. It appears from the evidence taken in this proceeding that the taking of possession by the petitioner was not, in its commencement, hostile to the true title, and it does not appear when the petitioner commenced to claim title to the premises exclusive of any other right, if she ever did so; and as under no circumstances can possession be deemed adverse until this condition of affairs is made to appear, it is not in proof that there was any adverse possession of the petitioner for 20 years. In view of the conclusion at which we have arrived in regard to the main question involved, it is not necessary to discuss the distinction between

the nature of the possession of the northerly and southerly half of the island. Upon the whole case we think that the claim of the petitioner is defective in establishing a right to the moneys which have been awarded for the taking of the premises in question.